Mr. Moore. Thank you, Your Honor. May it please the Court, my name is Leighton Moore. I represent the appellant here, the plaintiff in the District Court, proceeding under the student name Jane Doe with leave of court, formerly known as Masha Allen. Can I ask an introductory question? As I understand it, 12 of the defendants in the action were dismissed by the District Court for lack of personal jurisdiction. And, you know, obviously we can only hear the appeals of those where the case is final with respect to all defendants. Has the statute of limitations run on your claims against the dismissed defendants or some of them? Tell us what the status is and if the statute of limitations is not an issue, whether you're prepared to enter a stip of dismissal and hear as to those defendants? With prejudice. With prejudice in anticipation of, I know I think you said to the District Court some of them you wanted to pursue elsewhere. Your Honor, my understanding is that a dismissal for lack of personal jurisdiction operates as a dismissal without prejudice and that would be the status we plan to refile against some of those defendants in their home states. Now, as I understood it, there were some in the District Court that were dismissed without prejudice and there were some where there wasn't a designation of with or without prejudice. Is that right? To the extent that they were dismissed for lack of personal jurisdiction, I think that would have to be a dismissal without prejudice, Your Honor. The only one who is dismissed with prejudice would be Mr. Marcus, with whom we settled. Okay, so I think to Judge Roth's point, if they were, if the remainder were not dismissed, at least here without, with prejudice, how can we, how can we hear you? How would 1291 be satisfied? Your Honor, we are not, they are out of the case and we are not appealing those orders. We're appealing only as to Mr. Mancuso, who was dismissed with prejudice on, under Rule 12b-6. Do you have any follow-up on that? But you could just turn around tomorrow and reinstitute the suits against the defendants dismissed without prejudice or you could get an order from the District Court permitting you to appeal the Mancuso matter without the other, other orders necessarily being final. Your Honor, with respect to Mr. Mancuso, the dismissal was with prejudice. Right, right, right, but it's still not a final order and the, and in a multi-party situation, you can proceed with an appeal with the permission of the District Court as to one party, even when the order is not final as to other parties. I understand, Your Honor, under Rule, I think we get a certification from the District Court to that effect? I can request it if the Court believes it necessary. My understanding was that given that the other defendants had been dismissed for lack of personal jurisdiction and we were not appealing those determinations, that the dismissal of the last defendant in the case on 12b-6 grounds would operate as a final order with respect to 28 U.S.C. section 1291. When we do this on that point, why don't you all submit something? Let's say simultaneous submissions within 10 days. I don't anticipate them being long. We can limit them to probably five pages will do. If I could have longer than 10 days, I'm specially set for a two-week trial to begin Monday. Absolutely. Three weeks? Three weeks would be ample, thank you, Your Honor. Mr. Greenfield, how are you doing? Is three weeks okay with you? It is indeed, Your Honor. All right, very well. I don't think I asked, and if I did, I've been remiss in my duty. How much time did you want to reserve for rebuttal? I beg your pardon, Your Honor. I had intended to reserve five minutes. All right, very well. So why don't you proceed then, sir? Thank you, Your Honor. Maybe should we set his clock back to zero? I don't know if that's... You know, Judge Roth is really very nice today. Why don't we do that? That's extraordinarily kind, I think. It is. The court had inquired as to the legal principle that governs the relationship between Mr. Mancuso's criminal conviction in the Western District of Pennsylvania and the present action, which is brought under 18 U.S.C. section 2255. Ultimately, plaintiff's position is that it's a question of statutory construction. There can be no res judicata effect from the criminal conviction because plaintiff, Ms. Doe, was not a party to the criminal proceeding. So the question then is whether Congress, in enacting section 2255, meant to provide a civil remedy only to those victims who had not previously received restitution from an offender, or put otherwise, whether Congress intended that a claim under section 2255 would be barred by a previous award of restitution. That's what the district court held here. As a matter of a little background, this statute was named after this plaintiff, after she testified before Congress. It's called Masha's Law after Masha Allen, my client. Defendant's criminal proceedings had been concluded at that time, that was 2005-2006 time frame, including the award of restitution.  And named it after my client without intending to give her a claim under it. I don't think that result can possibly obtain. It's important to understand why Congress deemed this legislation to be necessary. Victims don't control criminal prosecutions. And criminal restitution, therefore, very often fails to compensate victims fully for the harm done by crime. You can see this in the airline case that recently came up before the United States Supreme Court. After its remand down to the Fifth Circuit, the plaintiff in that case, similarly positioned to my client, a victim of child pornography, received an award between $3,000 and $4,000. Additionally, a prosecutor may only charge the offenses that he or she believes can be proved beyond a reasonable doubt, not the lower preponderance of the evidence standard that would apply in a civil case such as this one. Well, let me ask you this. If the restitution is intended to provide recompense to the victim in the full amount, what gap is the law, is Masha's Law supposed to cover civilly? If the assumption is that the full amount has been achieved through the criminal proceeding? Well, and I'm coming to that. It never is achieved. You have charged conduct. And a subset of that is the conduct that underlies the offense of conviction. And the defendant actually has more control over what ends up in that narrower subset than the victim does. Because the defendant typically enters into a plea bargain with the government and pleads to a particular count. In this case, the indictment included two counts, one under 18 U.S.C. section 2251 for sexual exploitation of a minor, and there's a date range, a specific date range for the underlying conduct, November 1998 through July 1999. And the second is possession of material depicting the sexual exploitation of a minor in or around May 2003. Which he didn't plead guilty to. But he made a statement, didn't he? He made a statement with respect to some form of liability? He stipulated that the conduct underlying count two could be used in sentencing under count one. But that stipulation doesn't go to restitution. As the Supreme Court has held... Well, isn't restitution part of sentencing? I beg your pardon? Isn't restitution part of sentencing? It is, Your Honor. But as the Supreme Court held in Huey against the United States, and then again in the Paroline case, the restitutionary framework only allows restitution to be imposed as pursuant to the offense of conviction. It has to be imposed for the conduct underlying the offense of conviction. So only count one? I'm sorry. No, go ahead. No, you go ahead. So your position is that we only look to the offense of conviction? That's correct, Your Honor. The conduct underlying the offense of conviction is all that the restitutionary award applies to. To the extent that it's intended to fully compensate the victim, it's intended to fully compensate the victim for that harm, but not for all harm, including uncharged conduct. So you're proceeding under the possession? Under the possession and other uncharged conduct that was identified in our complaint, including the distribution of the images, which is massively harmful to this client. And that's the backbone to your argument, that full amount under restitution could never preclude, in any circumstance, recovery under the civil statutory scheme? If we sought to obtain a double recovery for the same harm, then the restitution statutes might, if the restitution were awarded under the proper statute, might allow for an offset against his restitution, but were not. So let me just take that one step further. So if the circumstance were one in which there was only one charge, then it pled to the one charge, and there were no, so by definition, there's no uncharged conduct, right? Right. And there's no acts outside of the scope of that one count? Correct. In that circumstance, there could be an instance where restitution is ordered in the full amount, and that would preclude recovery under the civil statutory scheme? Well, what about pain and suffering and punitive damages and those other aspects of civil recovery? Are they ever recovered under restitution? Well, no, Your Honor, and that's an important point. Section 3663A, the restitutionary statute, itemizes the specific types of special damages that are recoverable in restitution under that statute. Or I shouldn't say recoverable, because, of course, the plaintiff's not seeking or recovering anything. They're awarded by the district court as part of the sentence. Medical, psychological, and psychiatric care and treatment, physical rehabilitation, lost income, incidental damages. There's no general catch-all in that statute. Essentially, pain and suffering would seem to me to be a very predominant part of any recovery that would be sought under a civil suit. Absolutely, Your Honor. Absolutely. So that's a good tangent, because it creates a better focus. So let me ask you this question. Suppose the court, in ordering restitution and denoting that what the intention of the court was, was to render restitution in the full amount, included some of the things that Judge Roth just mentioned. Would we then have a situation where recovery under the civil statutory scheme would be precluded? Because of the double recovery issue. No, Your Honor. And let me be clear. It's not a preclusion. Under plaintiff's analysis, the effect is not a preclusion in any case. The defendant might be entitled to an offset under his restitutionary award. To preclude the double recovery. But that's under the restitution statute. It's not a bar under 12b-6 to the civil judgment, to the civil action under section 2255. Our position is that the plaintiff, the victim, is not a party and can't be precluded by what the district judge intended, particularly if what the district judge intended is outside of statutory authority. Under Huey and Paroline, the district judge's statutory authority in awarding restitution is limited to the offense of conviction. You can use other conduct in aggravation of a sentence, clearly, under the sentencing guidelines and otherwise. But you can't use it for restitution under Huey and Paroline. Now, it's quite clear, I guess, that Judge McVeary said at sentencing that the restitution was based on 2259A through 3663, 3663A, and 3664. Does that grouping have a particular effect on our analysis? Well, 2259 is a section of the Violence Against Women Act, which creates mandatory restitution. The first restitution statute the federal statutory framework had was optional. It was in the discretion of the district judge. And the subsequent statutes, which are section 3663A and section 2259, created mandatory restitution for certain classes of offenses. Judge McVeary did say, and section 30, the one that ends in 4, your honor. 3664? Yes, your honor. Creates procedures. And that's where the offset comes in, that type of thing. But the two, Judge McVeary did say that he intended the, he believed restitution was mandatory. And so the recital of some of the other statutes, I think, doesn't change the fact that he was really proceeding under section 2259 and or section 3663A. Mandatory or mandatory and exclusive? He did not say exclusive. He said mandatory. It was required of him under the law in the position he was in. And to be clear, Moshe's Law hadn't yet been enacted. This statute didn't exist. And so the question is what Congress intended when it enacted 18 U.S.C. section 2255. Is it possible that he was thinking he was also imposing restitution under count 2, the possession charge, as well as under the count 1? Or do you think, or doesn't it make any difference? If he thought so, he was acting outside of his authority. And plaintiff didn't have an opportunity to weigh in on that, not being a party to the criminal proceeding. The Paroline case, which came out, of course, in 2014, makes clear that 2259 is also limited to the offense of conviction. If there are no further questions, I'll reserve the remainder of my time. Thank you. Thank you. May it please the court. My name is Stanley Greenfield. Appearing for the appellee, I want to extend my profound apologies for being late under the circumstances, Your Honor, and for the accommodation. I'm appreciative of the accommodation of allowing the case to go forward with an oral argument out of turn from the way it was originally scheduled it took. No worries. Go ahead. Thank you. In any event, may we be clear about what it is that occurred here? Because the questions and the responses by counsel seem to suggest that there were uncertainties about various things, and there weren't. Judge McBury was very clear, both in terms of approving the plea agreement, which was explicit in all respects with regard to including count 2 as well as count 1 for purposes of sentencing, punishment, therefore, and therefore the activity and the conduct, which is the uncharged, if you will, or at least the dismissed count of count 2, was in fact considered for purposes of sentencing by Judge McBury pursuant to the plea agreement, and as to what the judge intoned, in fact, in the comment. Excuse me. How do we know that? We have cited that in the record. In fact, the record, Judge Elzel, cites Judge McBury's comment and approval of the plea agreement and the sentencing that he was going to impose or did impose, which was pursuant to the plea agreement of 15 years and for restitution of $200,000 agreed to by the government with me, if you will, as counsel for Mr. Mancuso at the time. Judge McBury, in his opinion, or Judge Elzel, in his opinion, recounts what Judge McBury said, and I assume the court will review that or has and will recall that that's what was put in there. Clearly, Judge McBury was, in fact, considering, as judges typically do who are sitting in sentencing, the uncharged conduct, if it's included as relevant conduct by reference to the plea agreement. This was not just out there. What about considering pain and suffering? Pain and suffering was also, Your Honor, right, referred to. Was there any testimony by Moshe concerning pain and suffering? Was there any evidence submitted about doctor's bills, about future psychiatric needs, about punitive damages? Well, may I respectfully answer it this way. There was no testimony by Moshe. The United States was vindicating Moshe in that proceeding, as we know, in all such situations. The U.S. attorney was taking up the cudgel for her and decided that $200,000 was, in fact, a sufficient amount to cover all of the damages that are contemplated by 3663-A. Are his pain and suffering contemplated? Yes. It specifically in the statute says all the things that shall be considered as part of a restitution order when an order is, in fact, issued imposing a restitution on a defendant for what he inflicted or she inflicted on the victim. And it's recounted all in here. I've read it. I understand what it says. Okay. And it says that it gives the traditional, typical personal injury damages from A to Z, if you will, proverbially speaking, pain and suffering, future damages. Well, what's the purpose of all of these victim statutes if it's to preclude any additional recovery in a similar form? That's what I don't understand. I mean, if I'm understanding your argument correctly, all of the potential bases for recovery that Judge Roth just brought up were specifically contemplated by the court. And if they are, then it essentially renders useless or meaningless or superfluous the entire statutory scheme for victims. Respectfully, not so, Your Honor. The typical case, this is an unusual case where restitution has, in fact, been paid in full, fully funded long before the civil action filed by the victim in this case was, in fact, lodged. That's not the typical case. The typical case of restitution is ordered. There's a time frame within which it is to be paid. But it is the unusual case where it is ever paid in full. In fact, in most cases, the person, the victim, rather than the defendant, has very little capacity to be able to pay the restitution at all. Let's make ability to pay a separate issue. Yes. My point is this. If, in fact, the scheme was set up so that restitution in the criminal context could contemplate all form and fashion of potential claim and recovery for a victim, then what would be the purpose of this civil statutory scheme? Because it will allow the victim, through counsel, of course, to seek to get more, seek to get as much recompense or as much damage as possible that has not yet been paid in full by the defendant. In other words, if the defendant is ordered to pay $100,000, he doesn't ever pay it. Well, that can't be so, right? Because if $50,000 in restitution isn't ordered and the defendant doesn't pay it, now you're going to go to a civil scheme in the hope that the fear of jail wasn't enough. So now you're going to get a civil judgment and the defendant is now going to quiver? The statutes specifically, Your Honor, I guess I'm at a loss in this sense. I'm reading the same statutes we all are, I take it, which is 3663a, 64, et cetera, and 2259. And the statutes are explicit with respect to the rights of the parties in connection with enforcing the restitution order. And in connection with that, if you'll read 3664, the court... You mean read it again and again? Again, for the empty. If one reads it again, if you will, it provides for a lien to be given to a victim to be able to recover money from the defendant at some future time. The government can assign that or the government can be assigned the amount that is received in restitution and be the entity, if you will, or agency, to go after the defendant to try to collect it if the defendant, in fact, comes into possession of monies that can pay the ordered restitution. So the statute contemplates a final... These statutes contemplate a final decision that says it, it shall be a final judgment. Has the victim had any chance in coming to the court and saying, these are my damages, this is my pain and suffering? Yes, through the medium of the United States Attorney. And did the United States Attorney consult with Masha? Absolutely. Well, with her mother, of course, yes. Absolutely. As did I. Yeah, but look. The answer is yes. Victims can make statements to the U.S. Attorney's Office. Victims can meet with the U.S. Attorney's Office. Victims at times can even make statements to the court. But the whole purpose of this statutory scheme and each of the statutes that you reference contemplates subsequent civil action. So it can't be... I'm sorry. I'm sorry. Well, it can't be that having set up this statutory scheme that this is merely an adjunct if people are unable to collect. And there's nothing within the restitution scheme as it exists in the criminal context that would ensure that all of the recompense that a victim could seek would be ordered. Because, you know, while the victim might be heard, there's nothing requiring the court to order everything that a victim requests. Your Honor, I respectfully, you know, take issue with the conclusion that Your Honor seems to be making. And that is that it is, in fact, to be contemplated by the district judge, district court judge, who is imposing the restitution order to determine the scope and amount of what constitutes the damages that should be made part of the restitution order. How that comes about, as in any case, can come about in a number of different ways. It can become... It can come about by agreement of the parties. It can become part of the order after a hearing where testimony is offered by experts who testify and so forth. But as in personal injury cases all over the country all the time, as we surely must know, the parties can agree or stipulate to what damages are and what the amount of the damages are. We're not going into each of the components of what constitutes the totality of those damages. So in this case, the U.S. Attorney agreed... Looking at the conduct involved here, I must say it seems to me that the amount ordered is very small. Well... If you're considering... If you're going to consider things like pain and suffering. Well... Not to say... Even putting aside punitive damages, which I think is an area of damages that might be very appropriate with conduct like this. That what the U.S. Attorney is going to propose to the court does not begin to cover what would be available in a civil suit. Well, Your Honor, of course, respectfully is apparently making a conclusion that $200,000 is inadequate. It should be a lot more. But lawyers all the time are making judgments with respect to amounts and do so after a reflective considered judgment about various facts. In this case, it was a trust fund that was being set up and it was being done immediately unlike any other case in the Western District to that day or even since that has funded the totality of a restitution order like that. $200,000 may be insubstantial in Your Honor's judgment for pain and suffering as you read the facts of the case, but it was a significant amount notwithstanding and it was done immediately. Not... We promised to pay it and not we will fund it when we get around to it, when we make our next killing on the stock market or elsewhere, but we're going to do it now. And we did it now. That was a premium to be paid for that. To have $200,000 then and there and Moshe has had it from that day to the time. Now, it's the horse, the record to go into all sorts of things that I would be able to tell you and so forth with regard to events subsequent to that. But the fact is the $200,000 at that time was a generous and significant amount and it was funded. Is that a consideration that we should make in establishing what role the civil scheme should take as it relates to the restitution scheme? Right. Your Honor has set that question to us as counsel. In my view, based on the law and the way it reads and the cases from the various circuits and how they've interpreted paybacks and clawbacks and credits to be given to the victim or to the defendant for paying anything on behalf of a restitution order, all those things are in place and your honors have read it, I'm sure. The fact of the matter is that when the order is final, as it is, a restitution order is final and when the restitution order, which is otherwise final as an order, has been fully funded and paid in stanter. At the time of the, in fact before the sentence, prior to the actual sentence that approves what was being done, that is the $200,000 being paid at that time, that in that limited circumstance, Moshe's law doesn't apply because he has been fully paid for everything that he was victimized by, if you will, at that time with due respect. Let me ask you a question. May I ask you a question here? Yes, sir. What is the effect of the Paroline case? I disagree. I've read the Paroline case. And also the statements that Judge McVery made at the time of sentencing and imposing restitution. Well, is there a specific, something that he said that troubled your honor? Your opponent made a reference to all the matters that were in the pre-sentence report and that included a reference to the possession charge as well as the, as well as to the charge he pleaded guilty to. The question is, does Paroline, does Paroline change our analysis now? No. Well, in my view it does not in the sense that Judge McVery's sentence included punishment for the second count, the one that was eventually dismissed, but could be considered by the terms of the plea agreement and was for purposes of punishment and restitution, if you will. Now, and that was done at that time. There has to be finality. And of course, the statute says that such an order is final. Well, but there's also a provision if Mr. Mancuso should come into further funds or assets that the U.S. attorney should be notified. May I respectfully answer to that? Obviously, the thing, the corpus of the trust is still open. No, it is not. And not in that sense. That phrase is clearly contemplated to apply to that circumstance where before final implementation or payment is made, if there is a change of circumstance, then, and the cases say that, and that's what it means, then the court may in fact revise the terms of the restitution order in terms of when it's to be paid, how quickly, whether there are staggered payments over a period of time. All of that can be influenced. So when the judge said that, he said that he was approving the plea agreement, which was months before the actual sentence. The sentence was in 2004. The plea was in 2003. Mosher's law was passed in 2006. But in any event, when the very judgment, very sentenced, he sentenced in pursuant to the plea agreement, which he already knew existed four months earlier or some such time, or actually the earlier in the year, the previous year, although it was only a month, a number of months period, not a whole year. And so what Judge McVeary was saying is, as the statute says, if there is a change in circumstance for the person ordered to make the payment, the person against whom the order of restitution is imposed, if his circumstances change, he must in fact tell the court that and something will be done about it. The statute even tracks that very language. The judge merely quoted what the language of the statute says. And when one reads the section of the statute that refers to that, adverts to that, one sees that it contemplates those circumstances where there is a long period of time of probation or some sort of control over the defendant, and he has not yet or she has not yet fully paid everything. So in that period of time, if one wins the lottery all of a sudden, the judge in the statute specifically says so. It says in that case, the judge can't order that the payment be made in full at that time, assuming it was being made in some staggered way before that time, or that the amounts that are being paid in this staggered way can be increased because you have come into money that gives you the wherewithal to do that. But that's what happens in that circumstance by the statute, which otherwise says it's a final judgment that has been made. So it's only the mechanism by which you are paying it, not whether you can enlarge the original order of restitution, which is final. And it says so in the statute. Unless you say, well, final doesn't mean final. And when the statute says it, then truly, I would think counsel would be at a loss, as would the government. In any event. Thank you very much. Sorry. It is red, and I'm through. Thank you. Counsel? Your Honor, the question that I don't believe the defendant can answer in this case is, what is the point of Marshall's Law? Why does the claim even exist? Why did Congress pass this statute and create this civil remedy? It seems to me that the clear answer is that Congress believed the existing statutory scheme, which included the restitutionary remedies that are claimed to be reclusive here, was inadequate to compensate victims. And there are a few ways in which that's the case. We have not two, but three categories of wrongful conduct here. We have the conduct that underlies the offense of conviction, count one, sexual exploitation of a minor. This was Mr. Mancuso's action in adopting the plaintiff from Russia at the age of five, keeping her as a sex slave for almost six years, using her to create some 200 pornographic images, malnourishing her so she wouldn't reach puberty, various other things. And then we have the conduct that was charged but not convicted, and that is the possession of specific material. Then we have other conduct that was uncharged and was not even before the district court, not even before the district court and could not have been encompassed in the criminal remedy, the sentence fashioned by the district court. This includes other acts against this plaintiff and other victims. He didn't just possess her images. He traded with other people in the early days of the internet, on online chat rooms and so forth, and helped to create this network of distribution. That conduct was never even charged by the United States Attorney. So Section 2255 applies not just to the person who is the victim of the offense of conviction. It applies to a person who is the victim of, as the statutory language goes, a violation of one of the predicate statutes. The plaintiff here is a victim of multiple violations of the predicate statutes at the hands of this defendant, and those ought to be compensable. Under the statute that bears her name. This is not a case where there is a pre-existing civil settlement. That seems to be the logic applied by the defendant here. When he says lawyers make judgments with respect to the value of claims all the time. Well, that's not what a criminal case is. The victim has a certain role in the criminal prosecution, but the victim is not the plaintiff. Your adversary seemed to imply that Marsha, the victim here, played an extraordinarily different role in the discussion and negotiation of the settlement, the order here. Um, just keeping yourself to what's in the record, is there anything to that that we can or should take into account here? Well, we're before the court on the grant of a motion to dismiss under Rule 12b-6, so the case really in this posture ought to be decided on the allegations in the complaint. The matters that Mr. Greenfield correctly states are towards the record of this case are contained within the sealed record of Mr. Mancuso's criminal proceeding. Some of that material is about to become available in January 2016. Some of it won't be unsealed until 2018. None of it's alleged in the complaint. Under the restitution scheme, the district judge considers factors that are irrelevant and improper to consider in the context of civil compensation, such as the defendant's ability to pay and the government's interest in getting a conviction. And making a deal. The fact that the government has decided to make a deal for reasons of its own should not later operate as if it were a civil settlement to preclude the claim of the victim under a statute intended to give such a claim. Excuse me, could you please tell me again why 2259 does not apply in this case? You make the argument that even though it was mentioned by Judge McVeary, he didn't really mean it. No, your honor, that's not my argument. I believe he did mean it. 2259 and 3663A are the two that provide mandatory restitution. I think he meant to travel under those two statutes. But doesn't it, well, you're saying the record supports a reasonable inference that Mancuso's restitution was not based on 2259? There's a question about that. I don't think it could be resolved just on the pleading. I think his intent, to the extent that it's a relevant factual consideration, which plaintiff intends it to not, his intent is not clear from the record to the point that it can be determined at the level of a motion to dismiss. But section 2259 states in its text that restitution is to be awarded in addition to any other civil or criminal penalty authorized by law. So to the extent that he did travel under section 2259, that wouldn't preclude a claim under Masha's law. Well, unless you read 2259 to recognize that it's the full amount. Well, it has to be limited to the offense of conviction pursuant to the Paroline case. That case specifically interprets section 2259 and limits the restitutionary award to the offense of conviction. But Judge McVeary didn't have the benefit of that. He did not, Your Honor, but if he was mistaken, his mistake shouldn't preclude our claim. Of 2259, in addition, doesn't authorize an award outside the offense of conviction based on a plea agreement. It doesn't contain that language. All right. Thank you very much. Thank you. We'll take the case under advisement. And just to reiterate for the record, we'll expect something from both of you, simultaneous submissions in 21 days. Yes. Okay, very well. Thank you, and have a good day.